IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PANG XIONG,

    Plaintiff,                        No. CIV S-03-1403 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                      ORDER

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated August 23, 2002, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has medically determinable impairments of chronic musculoskeletal pain, chronic asthma, fatigue and depression but that these impairments are not severe; and plaintiff is not disabled. Administrative Transcript ("AT") 13.  Plaintiff contends the ALJ committed error at step two of the sequential analysis; improperly discredited plaintiff's subjective complaints; did not properly develop the record; and did not properly credit the opinions of treating physicians.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

II. <u>Standard of Review</u>

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. <u>Id</u>.; <u>see</u> <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. <u>Analysis</u>

    A. Severe Impairment

Plaintiff contends the ALJ improperly assessed the severity of her impairments and failed to consider all of them in combination. An impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The

purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996);  see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments must be considered in combination in assessing severity.  20 C.F.R. § 404.1523.

Plaintiff argues the ALJ failed to recognize as severe a number of alleged impairments and that the ALJ failed to consider the combination of plaintiff's physical and mental condition including major depression, arthritis, burning pains, headaches, asthma, joint pain, weakness in hands, arms and legs, finger numbness, wrist pain, sleeping disorder, bronchitis, neck pain, abdominal pain, hair loss, hot flashes, chest congestion, fibroid of the uterus, affective disorder, dizziness, fainting episodes, hernia, fatigue, difficulty urinating, poor vision, anemia, generalized major anxiety and short term memory impairment.  Plaintiff's Mem. P. & A. at 10:11-17.  Although the burden is on plaintiff at step two of the sequential evaluation, see Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998), counsel for plaintiff has offered no meaningful argument in support of the claim that the ALJ erred at step two.  A mere recitation of medical diagnoses does not demonstrate how each of the conditions included in that recitation impacts plaintiff's ability to engage in basic work activities.  Put another way, a medical diagnosis does not an impairment make.

Moreover, plaintiff's contention that burning pains, joint pain, wrist pain and abdominal pain should be considered a severe impairment ignores the governing regulations. Pain is a symptom, not an impairment.  See 20 C.F.R. § 404.1529 ("[S]ymptoms . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."); SSR 95-5p; see also Smolen 80 F.3d at 1281; In re Heckler, 751 F.2d 954, 955 n.1 (8th Cir. 1984) ("pain is a symptom, not an impairment").  There was no error in the step two analysis.

4

B. Credibility

Plaintiff also contends the ALJ improperly discredited her subjective complaints. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the

1  claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must
2  be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599
3  (9th Cir. 1999).

4  Plaintiff testified she was disabled because of pain, asthma and headaches. AT
5  34-37. On the disability application, plaintiff indicated she suffered from pain, difficulty
6  breathing, sleeping problems, poor appetite, memory loss, blackouts and depression. AT 233,
7  235, 240, 248. In discrediting plaintiff, the ALJ noted the lack of medical evidence
8  substantiating any of plaintiff's complaints. AT 11-12. The ALJ also considered the
9  inconsistency between plaintiff's allegations and Dr. Johansson's report, which stated plaintiff
10 had never complained of pain, weakness, headaches or blackouts. AT 11, 88. The ALJ also
11 noted the lack of treatment for plaintiff's assertedly disabling conditions. AT 11-12; cf. AT 39
12 (doctors "can't tell" plaintiff what's wrong with her), 40 (even plaintiff's shaman says nothing is
13 wrong with her). Also factored in the ALJ's analysis were plaintiff's activities of daily living
14 including shopping, cleaning, cooking and assisting her children. AT 11, 29-30, 239. The
15 factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility
16 determination was based on permissible grounds and will not be disturbed.

17      C.  Duty to Develop Record

18 Plaintiff contends the ALJ failed to properly develop the record by failing to
19 obtain all of plaintiff's medical records and by not ordering a consultative mental examination.

20 Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841,
21 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to
22 develop the record even when claimant is represented). Whether evidence raises an issue
23 requiring the ALJ to investigate further depends on the case. Generally, there must be some
24 objective evidence suggesting a condition that could have a material impact on the disability
25 decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of
26 Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991). "Ambiguous evidence . . .

1  triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d
2  1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).
3        Plaintiff identified her treating physicians as Drs. Su, Gutierrez, Johansson and
4  Rochanayon.  AT 225, 232, 234, 250, 251.  In addition, Dr. Dawei Zheng was identified as
5  another prescriber of asthma medication on an asthma questionnaire, although no address for this
6  provider is evident in the record.  AT 243.  Plaintiff also identified treating facilities as Butte
7  County Mental Health and Oroville Hospital.  AT 234.  Records were obtained from Dr.
8  Rochanayon (AT 63-67), We-Care (including Dr. Su) (AT 82-87), Butte County Mental Health
9  (AT 143-153), and Oroville Medical Center.  AT 88-142.  Additional records from Oroville
10 Hospital and We-Care were submitted by plaintiff's attorney after the hearing and considered by
11 the ALJ.  AT 11, 154-200.  Plaintiff contends that additional records should have been obtained
12 but there is no indication in the administrative transcript that other medical practitioners provided
13 any care to plaintiff.  AT 92.  Moreover, it appears from the colloquy at the hearing between the
14 ALJ and plaintiff's attorney that the attorney undertook the task of ensuring that all relevant
15 medical records were provided to the ALJ.  AT 42.  With respect to any additional records of Dr.
16 Johansson that were not provided to the ALJ, in light of the October 3, 2000 opinion of that
17 doctor, that after a year of treatment plaintiff was found to be "without problems" and that "no
18 disability whatsoever" was found, it is not apparent, nor does plaintiff explain, how such records
19 support plaintiff's position.  AT 88.  With respect to the records of Dr. Gutierrez, the
20 administrative record contains references to this doctor's opinions, which again do not support
21 plaintiff's asserted disability.  See, e.g., AT 145, 147, 153.  The ALJ committed no error in
22 failing to obtain additional medical records.
23       Plaintiff also contends the ALJ should have ordered a consultative mental
24 examination.  A consultative examination is appropriate when the medical evidence is
25 incomplete or unclear and undermines an ability to resolve the disability issue. 20 C.F.R.
26 §§ 416.917, 416.919a.  Ordering a consultative examination ordinarily is discretionary and is

required only when necessary to resolve the disability issue.  See Armstrong v. Commissioner of Social Security, 160 F.3d 587, 589-90 (9th Cir. 1998) (where record unclear as to determinative issue, ALJ committed reversible error by deciding issue without consulting medical expert).

Plaintiff was referred to Butte County Department of Behavioral Health by Dr. Gutierrez because of physical complaints with no sound physical explanation.  AT 153.  She was seen there a few times between February and April 2001, but no psychiatric symptoms of "any great import" were observed.  AT 148.  Plaintiff's son was contacted in December 2000, at which time he indicated plaintiff's application for disability benefits was marked erroneously for "mental/emotional problems," and that plaintiff had no psychiatric treatment and was not on psychiatric medication.  AT 265.  State agency psychiatrist Dr. Mateus reviewed the record and found no psychiatric impairment.  AT 68.  The medical evidence was not incomplete or unclear, and no objective evidence suggested that further development to explore plaintiff's mental status was necessary to resolve the disability issue.  A consultative examination was not required under these circumstances.

### D.  Treating Physician

Plaintiff also argues the ALJ failed to accord appropriate weight to the opinions of treating physicians.  Mem. P. & A. at 14:21-15:8.  Plaintiff cites no treating physician opinion that was rejected inappropriately.  Plaintiff also reprises the argument that medical records of certain providers were not obtained.  However, as discussed above, there is no evidence that plaintiff was ever treated by all of the numerous providers cited by plaintiff in her brief.[2]  The ALJ fully and fairly summarized the medical records.  AT 11-12.  The ALJ also appropriately relied on the opinion of plaintiff's treating physician, Dr. Johansson, that plaintiff had no disability.  AT 11, 88.  There was no error in the ALJ's analysis of the opinions of treating physicians.

---

[2] A fair reading of the form found at page 92 of the administrative record is that those providers whose names are not checked had no additional records.

1   The ALJ's decision is fully supported by substantial evidence in the record and
2 based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
3   1. Plaintiff's motion for summary judgment or remand is denied, and
4   2. The Commissioner's cross-motion for summary judgment is granted.
5 DATED: September 29, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
xiongpang.ss